# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FORD GLOBAL TECHNOLOGIES, LLC,** | **Case No. 2:15-CV-10394-LJM-MJH** |
| **Plaintiff,** | **HON. LAURIE J. MICHELSON** |
| **v.** | |
| **NEW WORLD INTERNATIONAL INC., AUTO LIGHTHOUSE PLUS, LLC, and UNITED COMMERCE CENTERS, INC.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT



Plaintiff Ford Global Technologies, LLC ("FGTL") by and through their undersigned counsel, as and for its Complaint against defendants United Commerce Centers, Inc., New World International Inc., and Auto Lighthouse Plus, LLC (collectively, "Defendants") alleges as follows:

## I.    THE PARTIES

1.    Ford Global Technologies LLC (hereinafter "FGTL") is a limited liability company organized and existing under the laws of the State of Michigan, having a principal place of business at 330 Townsend Drive, Suite 800 South, Dearborn, MI  48126.

2.    On information and belief, Defendant United Commerce Centers, Inc. (hereinafter "UCC") is a Texas Corporation, with a principal place of business at 1720 E. State Highway 356, Irving, TX 75060.

3.    On information and belief, UCC is doing business as New World International.

4.    On information and belief, Peter Tsai is registered agent, president and treasurer of UCC and Grace Tsai is Director, Vice President and Secretary of UCC.



1

5. On information and belief, Defendant New World International Inc. (hereinafter "NWI") is a Texas Corporation, with a principal place of business at 1720 E. State Highway 356, Irving, TX 75060. New World is the d/b/a of UCC.

6. On information and belief, Peter Tsai is also known as Yao Hwa Tsai and is married to Grace Tsai also known as Li Hung Tsai (Chiang).

7. On information and belief, Yao Hwa (Peter) Tsai is the registered agent, President and Director of NWI, and Grace Tsai is the Vice President of NWI.

8. On information and belief, Defendant Auto Lighthouse Plus, LLC. (hereinafter "Auto Lighthouse"), is a limited liability company organized and existing under the laws of the State of Texas, having a principal place of business at 1720 E. State Highway 356, Irving, TX 75060.

9. On information and belief, Grace Tsai is registered agent of Auto Lighthouse, Peter Tsai is Secretary and Director, Joseph Tsai is President and Director, Daniel Tsai is Vice President and Director and Alice Tsai is Treasurer and Director.

10. On information and belief, Auto Lighthouse operates under the assumed names autobodycarparts.com and autobodypartsnow.com. On information and belief, Auto Lighthouse operates virtual storefronts on the Amazon and eBay websites under the name Auto Lighthouse Plus.



## II.   JURISDICTION AND VENUE

11.    This is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq.

12.    The Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

13.    Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. § 1400 because Defendants have committed acts of infringement in this District, and because a substantial part of the events giving rise to FGTL's claims occurred in this District.

14.    Defendants offer for sale and sell infringing goods to the 48 continental United States, including Michigan, through the activities of Auto Lighthouse Plus in operating at least two retail websites and two virtual storefronts on Amazon and eBay.

15.    Counsel for New World has made representations in correspondence about "the relationship between Auto Lighthouse and New World" and "whether sales made by Auto Lighthouse are related to sales made by New World." Specifically, counsel representing New World has stated that: "when Auto Lighthouse makes a sale, it is of a part that Auto Lighthouse has purchased from



3

New World. So a sale by Auto Lighthouse necessarily means that New World has already made a sale of the same part."

16.     The websites and eBay and Amazon virtual storefronts of Defendants offering for sale and selling infringing goods have been accessed in the State of Michigan. The Internet operations of Defendants are highly active and non-passive, permitting online purchase of goods for shipment to Michigan via executable on-line transactions with an exchange of money and goods.

## III.    FACTUAL ALLEGATIONS

### A.    FGTL's Patents

17.     Ford Motor Company (hereinafter "Ford") is a manufacturer and seller, *inter alia,* of automobiles and automotive parts.

18.     FGTL is a subsidiary of Ford Motor Company. FGTL owns and manages the intellectual property of Ford.

19.     FGTL has filed and been issued numerous design patents to protect its valuable intellectual property in its automobiles, and its automotive part designs.

20.     FGTL is the owner of the following U.S. Design Patents (collectively "FGTL Design Patents-in-Suit").

| U.S. Patent No. | Title | Ford Vehicle |
|---|---|---|
| D493,552 | Vehicle Headlamp | 2004 F-150 |
| D496,890 | Vehicle Grill | 2004 F-150 |
| D493,753 | Exterior of Vehicle Hood | 2004 F-150 |



| U.S. Patent No. | Title | Ford Vehicle |
|---|---|---|
| D498,444 | Front Bumper Fascia | 2005 Mustang |
| D501,162 | Front Bumper Fascia | 2005 Mustang |
| D510,551 | Hood | 2005 Mustang |
| D539,448 | Vehicle Taillamp | 2005 Mustang |

***2004 Ford F-150***

21.    In 2003, Ford introduced a newly designed 2004 model F-150 truck shown below.  In a design effort that spanned over two years and cost millions of dollars, Ford overhauled its exterior design.

22.    The 2004 F-150 design included, among other things, new designs for the vehicle headlamp, grille and hood.



23.    Ford's designers spent years meticulously crafting every detail of the designs they created.  To establish the design for each 2004 F-150 part, a team of Ford designers who are trained in the artistic field, worked for years to craft the precise shape, contour, angles and dimensions of each individual part.  A multi-step process was employed in the design of each part including the vehicle



headlamp, grille and hood.  This multi-step process includes hand sketches, computer aided drafting, computer modeling, clay modeling and prototype parts. This process was used to create aesthetically pleasing designs for the 2004 F-150 parts.

24.     U.S. Patent No. D493,552 ("the '552 patent"), entitled "Vehicle Headlamp," issued on July 27, 2004, names Craig Metros, Patrick Schiavone, and Tyler Blake as inventors and is assigned to FGTL. A copy of the '552 patent is attached as **Exhibit A**.

25.     Alternative headlamp designs are offered for sale for use on 2004 F-150 vehicles that have a different aesthetic appearance than those covered by the '552 patent.

26.     U.S. Patent No. D496,890 ("the '890 patent"), entitled "Vehicle Grill," issued on October 5, 2004, names Craig Metros, Patrick Schiavone, and Tyler Blake as inventors and is assigned to FGTL. A copy of the '890 patent is attached as **Exhibit B**.

27.     Alternative grille designs are offered for sale for use on 2004 F-150 vehicles that have a different aesthetic appearance than those covered by the '890 patent.

28.     U.S. Patent No. D493,753 ("the '753 patent"), entitled "Exterior of Vehicle Hood," issued on August 3, 2004, names Craig Metros, Patrick Schiavone,



6

and Tyler Blake as inventors and is assigned to FGTL.  A copy of the '753 patent is attached as **Exhibit C**.

29.     Alternative hood designs are offered for sale for use on 2004 F-150 vehicles that have a different aesthetic appearance than those covered by the 753 patent.

***2005 Ford Mustang***

30.     In 2004, Ford introduced a newly designed 2005 Ford Mustang shown below.  In a design effort that spanned over two years and cost millions of dollars, Ford overhauled its exterior design.

 

31.     The 2005 Mustang design included, among other things, new designs for the front bumper fascia (two versions), hood and taillamp

32.     Ford's designers spent years meticulously crafting every detail of the designs they created.  To establish the design for each 2005 Mustang part, a team of Ford designers who are trained in the artistic field, worked for years to craft the precise shape, contour, angles and dimensions of each individual part.  A multi-step process was employed in the design of each part including the vehicle front



bumper fascia (two versions), hood and taillamp. This multi-step process includes hand sketches, computer aided drafting, computer modeling, clay modeling and prototype parts. This process was used to create aesthetically pleasing designs for the parts of the 2005 Mustang.

33.     U.S. Patent No. D498,444 ("the '444 patent), entitled "Front Bumper Fascia," issued on November 16, 2004, names J C. Mays and Larry Erickson as inventors and is assigned to FGTL. A copy of the '444 patent is attached as **Exhibit D**.

34.     U.S. Patent No. D501,162 ("the '162 patent), entitled "Front Bumper Fascia," issued on January 25, 2005, names J C. Mays and Larry Erickson as inventors and is assigned to FGTL. A copy of the '162 patent is attached as **Exhibit E**.

35.     In addition to the two alternative designs covered by the '444 and '162 patents, other alternative front bumper designs offered for sale for use on 2005 Mustang vehicles provide a different aesthetic appearance.

36.     U.S. Patent No. D510,551 ("the '551 patent), entitled "Hood," issued on October 11, 2005, names J.C. Mays and Larry Erickson as inventors and is assigned to FGTL. A copy of the '551 patent is attached as **Exhibit F**.



37.     Alternative hood designs are offered for sale for use on 2005 Mustang vehicles that have a different aesthetic appearance than those covered by the '551 patent.

38.     U.S. Patent No. D539,448 ("the '448 patent), entitled "Vehicle Taillamp," issued on March 27, 2007, names J C. Mays and Larry Erickson as inventors and is assigned to FGTL.   A copy of the '448 patent is attached as **Exhibit G**.

39.     Alternative taillamp designs are offered for sale for use on 2005 Mustang vehicles that have a different aesthetic appearance than those covered by the '448 patent.

*ITC Litigation*

40.     On December 2, 2005, FGTL filed a Complaint before the United States International Trade Commission ("ITC") alleging the unlawful sale for importation to the United States, importation into the United States, and the sale within the United States after importation, of F-150 automotive parts that infringed FGTL's valid and enforceable design patents, including the '552 and '890 patents noted above.

41.     On June 6, 2007, the United States International Trade Commission entered a General Exclusion Order prohibiting the unlawful importation and sale of



certain automotive parts that infringe FGTL's design patents, including the '552 and '890 patents. **Exhibit H** – General Exclusion Order.

## B.    Defendant's Infringing Activities

### *FGTL's Design Patents*

42.    Defendants are distributors and marketers of aftermarket automotive parts and accessories.

43.    Upon information and belief, Defendants have had actual knowledge of one or more of the FGTL Design Patents-in-Suit for many years.

44.    Upon information and belief, Defendants have had knowledge of the General Exclusion Order since 2007.

45.    Despite this knowledge, Defendants have sold aftermarket parts for the 2004 Ford F-150 and the 2005 Ford Mustang that infringe the FGTL Design Patents-in-Suit (hereinafter "Aftermarket Parts").

46.    The Defendants have sold or offered for sale in the United States Aftermarket Parts that were copied from Ford's original equipment designs covered by the FGTL Design Patents-in-Suit.

47.    The Defendants' Aftermarket Parts include an identical ornamental design that was created through the use of computer-aided copying equipment.

48.    The Defendants assert their Aftermarket Parts match the design of Ford's original equipment designs covered by the FGTL Design Patents-in-Suit.



49.   On Information and belief, Defendants operate at least four active websites offering for sale aftermarket automotive parts, including autobodycarparts.com, autobodypartsnow.com, Quality-Parts.com, Quality-Parts.us, and auto_lighthouse eBay and Amazon online stores.

50.   Defendants are jointly and severally liable for infringement of the FGTL Design Patents-in-Suit.

51.   Upon information and belief, Defendants' Aftermarket Parts are not labeled as "refurbished," "salvaged" or otherwise authorized by FGTL or its licensee LKQ Corporation.

52.   Starting at least as early as 2011, FGTL has made numerous attempts to contact the Defendants to cease and desist from offering for sale, selling or importing products that infringe FGTL's Design patents. **Exhibit I** is a September 28, 2011 letter to NWI from FGTL that includes a chart identifying all of the FGTL Design Patents-In-Suit.

53.   Defendants ignored FGTL's letter.  On May 13, 2013, FGTL wrote again to NWI indicating that "New World International is still selling parts covered by FGTL's design patents" and requesting acknowledgement **Exhibit J** is FGTL's May 13, 2013 letter to NWI from FGTL.

54.   On May 15, 2013, NWI responded to FGTL's letter on the letterhead of UCC requesting additional information about the purchase, who reported their



sales of parts covered by FGTL's patents and requesting a list of FGTL's patents. **Exhibit K** is the May 15, 2013 letter to FGTL.

55.     On May 21, 2013, FGTL's counsel sent a letter to NWI identifying NWI parts covered by FGTL's patents that NWI had sold, and attaching another list of FGTL's design patents.  This list included the patents-in-suit.  **Exhibit L** is the May 21, 2013 letter.

56.     On June 11, 2013, FGTL's counsel sent a letter to NWI stating that NWI had not agreed to refrain from selling parts covered by FGTL's design patents.  **Exhibit M** is the June 11, 2013 letter.

57.     On June 18, 2013, NWI's attorney wrote to FGTL, stating that it is "New World's policy is to honor the FGTL design patents." and that the purpose of the letter was to provide FGTL with the "acknowledgement you seek."  **Exhibit N** is the June 18, 2013 letter to FGTL.  FGTL discovered that despite NWI''s assurances, websites associated with NWI were offering for sale patented parts identified in FGTL's correspondence.

58.     On November 13, 2013, FGTL wrote to NWI requesting "immediate action to cease and desist sales of the unauthorized products" from Defendants' websites.  FGTL's letter also included a chart listing hyperlinks to defendants' website autobodycarparts.com where unauthorized products were offered for sale, along with an identification of the model year vehicle, part and corresponding



FGTL patent, as shown below.  **Exhibit O** is the November 13, 2013 letter and complete chart.

| Patent | Vehicle | Part | AutoBodyCarParts.com |
|---|---|---|---|
| D493753 | 2004  F-150 | Exterior of Vehicle Hood | http://autobodycarparts.com/ford-truck-f-series-light-duty-pickup-2004-2004-hood-panel-assy-aluminum--heritage-26272 |
| D496890 | 2004 F-150 | Grille | http://autobodycarparts.com/ford-truck-f-series-light-duty-pickup-2004-2004-grille-assy-xl-xlt-lariat--except-stx--w-honeycomb--black---heritage-26203<br>http://autobodycarparts.com/ford-truck-f-series-heritage-pickup-1999-2004-grille-assy-w-bright-frame-w-argent--cross-bar-design--except-stx-26204 |
| D493552 | 2004 F-150 | Headlamp | http://autobodycarparts.com/ford-truck-f-series-light-duty-pickup-2005-2005-right-rh-passenger-side-headlamp-headlight-assy-composite-3346 |

59.    On November 20, 2013, NWI's attorney responed that NWI "will not offer the listed parts for sale."  **Exhibit P** is the November 20, 2013 letter.

60.    Notwithstanding their assurance otherwise, Defendants continued to sell parts identified in FGTL's letters , at least via Defendants' websites and/or the eBay or Amazon stores, in the United States.

61.    Defendants, have been, and continue to, infringe, actively induce others to infringe, and contributorily infringe FGTL's Design Patents-In-Suit throughout the country.

62.    It is reasonable to infer, based on the facts set forth above, that Defendants' conduct has been willful, wanton and deliberate.  It is also reasonable to infer that Defendant' actions have been objectively reckless based on the facts set forth above, including that Defendants have sold Aftermarket Parts that are copies of the designs in FGTL's Design Patents-In-Suit and that Defendants have



acknowledged the infringement and validity of the design patents in correspondence. The actions of the Defendants with regard to infringement of the FGTL Design Patents-in-Suit are willful such that FGTL is entitled to treble damages under 35 U.S.C. § 284.

63.    FGTL has suffered damages as a result of the infringing activities of the Defendants and will continue to suffer such damages as long as those infringing activities continue.

64.    FGTL has no adequate remedy at law. Unless enjoined by this Court, Defendants will continue such willful acts of infringement, causing FGTL to incur substantial and irreparable damage.

65.    Upon information and belief, Defendants are importing and selling additional automotive parts beyond those asserted in this complaint that infringe FGTL patents. Defendants have made attempts to conceal these infringing activities from FGTL.

## IV.    COUNT I - INFRINGEMENT OF FGTL '552 DESIGN PATENT

(2004 F-150 Vehicle Headlamp)

66.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.



14

67.     Defendants have infringed and continue to infringe the '552 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '552 patent in violation of 35 U.S.C. § 271(a).

68.     Following is a comparison of Figure 1 of the '552 patent and the Aftermarket Part offered for sale by the Defendants.

| '552 Patent, Figure 1 | Defendants' Headlamp |
| --- | --- |
|  Figure 1 | |

69.     FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.

70.     Defendants have engaged and are engaged in willful and deliberate infringement of the '552 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.



15

71.    FGTL is entitled to a permanent injunction preventing Defendants from further infringing the '552 patent.

## V.    COUNT II - INFRINGEMENT OF FGTL '890 DESIGN PATENT

### (2004 F-150 Vehicle Grille)

72.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

73.    Defendants have infringed and continue to infringe the '890 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '890 patent in violation of 35 U.S.C. § 271(a).

74.    Following is a comparison of Figure 2 of the '890 patent and the Aftermarket Part offered for sale by the Defendants on autobodypartsnow.com.

| '890 Patent, Figure 2 | Defendants' Grille |
| --- | --- |
|  | |

75.    FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.



76.     Defendants have engaged and are engaged in willful and deliberate infringement of the '890 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

77.     FGTL is entitled to a permanent injunction preventing Defendants from further infringing the '890 patent.

## VI.   COUNT III - INFRINGEMENT OF FGTL '753 DESIGN PATENT

(2004 F-150 Exterior of Vehicle Hood)

78.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

79.     Defendants have infringed and continue to infringe the '753 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '753 patent in violation of 35 U.S.C. § 271(a).

80.     Following is a comparison of Figure 1 of the '753 patent and the Aftermarket Part offered for sale by the Defendants on their eBay store with seller name auto_lighthouse.



| '753 Patent, Figure 1 | Defendants' Hood |
|:---:|:---:|
|  | |

81.     FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.

82.     Defendants have engaged and are engaged in willful and deliberate infringement of the '753 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## VII.   COUNT IV - INFRINGEMENT OF FGTL '444 DESIGN PATENT

(2005 Mustang Front Bumper Fascia (base))

83.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.



84.    Defendants have infringed and continue to infringe the '444 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '444 patent in violation of 35 U.S.C. § 271(a).

85.    Following is a comparison of Figure 3 of the '444 patent and the Aftermarket Part offered for sale by the Defendants on their eBay store with seller name auto_lighthouse.

| '444 Patent, Figure 3 | Defendants' Bumper Fascia |
|---|---|
|  | |

86.    FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.

87.    Defendants have engaged and are engaged in willful and deliberate infringement of the '444 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.



88.     FGTL is entitled to a permanent injunction preventing Defendants from further infringing the '444 patent.

### VIII.   COUNT V - INFRINGEMENT OF FGTL '162 DESIGN PATENT

(2005 Mustang Front Bumper Fascia (GT))

89.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

90.     Defendants have infringed and continue to infringe the '162 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '162 patent in violation of 35 U.S.C. § 271(a).

91.     Following is a comparison of Figure 3 of the '162 patent and the Aftermarket Part offered for sale by the Defendants on their eBay store with seller name auto_lighthouse.

| '162 Patent, Figure 3 | Defendants' Bumper Fascia |
| --- | --- |
|  | |

92.     FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged



herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.

93.     Defendants have engaged and are engaged in willful and deliberate infringement of the '162 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

94.     FGTL is entitled to a permanent injunction preventing Defendants from further infringing the '162 patent.

## IX.     COUNT VI - INFRINGEMENT OF FGTL '551 DESIGN PATENT

(2005 Mustang Hood)

95.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

96.     Defendants have infringed and continue to infringe the '551 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '551 patent in violation of 35 U.S.C. § 271(a).



97.   Following is a comparison of Figure 1 of the '551 patent and the Aftermarket Part offered for sale by the Defendants on their eBay store with seller name auto_lighthouse.



| '551 Patent, Figure 1 | Defendants' Hood |
| --- | --- |

98.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.

99.   Defendants have engaged and are engaged in willful and deliberate infringement of the '551 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

100.   FGTL is entitled to a permanent injunction preventing Defendants from further infringing the '551 patent.



## X.   COUNT VII - INFRINGEMENT OF FGTL '448 DESIGN PATENT

(2005 Mustang Vehicle Taillamp)

101.   Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

102.   Defendants have infringed and continue to infringe the '448 patent by, *inter alia*, making, using, importing, offering to sell, or selling the United States, including the State of Michigan and within this District, products infringing the ornamental design covered by the '448 patent in violation of 35 U.S.C. § 271(a).

103.   Following is a comparison of Figure 1 of the '448 patent and the Aftermarket Part offered for sale by the Defendants on their website autobodypartsnow.com.



| '448 Patent, Figure 1 | Defendants' Tail Lamp |
|---|---|

104.   FGTL is entitled to a complete accounting of all revenue and profits derived by Defendants, jointly and severally, from the unlawful conduct alleged



herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Defendants total profit pursuant to 35 U.S.C. § 289.

105.   Defendants have engaged and are engaged in willful and deliberate infringement of the '448 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

106.   FGTL is entitled to a permanent injunction preventing Defendants from further infringing the '448 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Court:

A.    A judgment that Defendants infringed the '552 patent;

B.    A judgment that Defendants infringed the '890 patent;

C.    A judgment that Defendants infringed the '753 patent;

D.    A judgment that Defendants infringed the '444 patent;

E.    A judgment that Defendants infringed the '162 patent;

F.    A judgment that Defendants infringed the '551 patent;

G.    A judgment that Defendants infringed the '448 patent;



H.   Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '552 patent for the full term thereof;

I.   Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '890 patent for the full term thereof;

J.   Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '753 patent for the full term thereof;

K.   Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '444 patent for the full term thereof;

L.   Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '162 patent for the full term thereof;

M.   Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '551 patent for the full term thereof;



N.    Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the '448 patent for the full term thereof;

O.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '552 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

P.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '890 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

Q.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '753 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

R.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '444 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

S.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '162 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;



26

T.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '551 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

U.    Award FGTL damages against Defendants adequate to compensate FGTL for the infringement of the '448 patent pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

V.    Find that the Defendant's infringement is deliberate and willful, and that the damages awarded to FGTL be trebled pursuant to 35 U.S.C. § 284;

W.    A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs of this action pursuant to 35 U.S.C. § 285;

X.    Award FGTL interests and costs; and

Y.    Such other and further relief, including but not limited to, costs and attorney fees, as this Court deems appropriate.



## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: <u>March 13, 2015</u>

　　/s/ Linda D. Mettes
Marc Lorelli (P63156)
Frank A. Angileri (P45611)
Linda D. Mettes (P69182)
Amy C. Leshan (P69328)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mlorelli@brookskushman.com
　　　　fangileri@brookskushman.com
　　　　lmettes@brookskushman.com
　　　　aleshan@brookskushman.com

*Attorneys for Plaintiff Ford Global Technologies LLC*



28

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on <u>March 13, 2015</u>, I electronically filed the foregoing **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:

| | |
|---|---|
| Robert G. Oake, Jr.<br>Oake Law Office<br>825 Market Street<br>Building M, Suite 250<br>Allen, TX 75013 | Thomas G. Cardelli<br>Paul M. Kittinger<br>CARDELLI LANFEAR, P.C.<br>Attorneys for Defendants<br>322 W. Lincoln<br>Royal Oak, MI 48067 |

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

  /s/ Linda D. Mettes
Marc Lorelli (P63156)
Frank A. Angileri (P45611)
Linda D. Mettes (P69182)
Amy C. Leshan (P69328)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mlorelli@brookskushman.com
            fangileri@brookskushman.com
            lmettes@brookskushman.com
            aleshan@brookskushman.com
*Attorneys for Plaintiff Ford Global Technologies LLC*

