UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FORD GLOBAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NEW WORLD INTERNATIONAL INC., AUTO LIGHTHOUSE PLUS LLC, and UNITED COMMERCE CENTERS, INC., <br><br> Defendants. | Case No. 2:15-cv-10394 <br> Honorable Laurie J. Michelson |
| AUTOMOTIVE BODY PARTS ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> FORD GLOBAL TECHNOLOGIES, LLC, <br><br> Defendant. | Case No. 2:15-cv-10137 <br> Honorable Laurie J. Michelson |

**ORDER SETTING BRIEFING SCHEDULE ON THE ISSUES OF
MOOTNESS AND PROPER VENUE**

On May 25, 2017, the Court held a telephone status conference with the parties in these two companion cases.

At the conference, Ford Global Technologies, LLC, consistent with statements it has made in several court filings, indicated it is not asserting that the ABPA infringes D489,299 and D501,685—the only two patents at issue in the ABPA's case against Ford. As such, the ABPA is to draft language that would satisfy it that it is (or its members are) fully protected from claims by Ford that it infringes the D489,299 and D501,685 patents. This proposed covenant not to sue

must be sent to Ford on or before June 8, 2017. If the terms of the covenant are acceptable to Ford (or if Ford believes it can commit to an alternative covenant that would resolve the parties' dispute over the D489,299 and D501,685 patents), Ford shall file a motion to dismiss on the basis of mootness by June 15, 2017. The ABPA has until June 30, 2017 to respond. Both briefs are not to exceed 10 pages and be otherwise compliant with the Local Rules on briefing. Ford has until July 7, 2017 to file a four-page reply.

The Court also discussed the impact of the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, __ U.S. __, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017) on Ford's case against New World International, Inc., AutoLightouse, LLC, and United Commerce Centers, Inc., (collectively "the NWI Entities"). In view of those discussions, the NWI Entities are to file a motion to dismiss or transfer for improper venue on or before June 15, 2017. Ford has until June 30, 2017 to respond. Both briefs are not to exceed 20 pages and shall be otherwise compliant with the Local Rules on briefing. The NWI Entities have until July 7, 2017 to file a six-page reply. The briefs shall be self-contained and not incorporate by reference arguments from prior briefs in any case. The briefs should address at least these issues:

(1) Does the Supreme Court's interpretation of a statute (and in particular, a statute governing jurisdiction or venue) apply to pending cases or to only newly-filed cases?

(2) Did the NWI Entities waive any challenge to venue by not contesting venue in their first motion to dismiss (which was stricken by the Court)?

(3) If the NWI Entities did waive venue by not contesting venue in their first motion to dismiss, does that waiver still apply when the Supreme Court has interpreted the venue statute differently than the governing interpretation at the time of NWI Entities' waiver?

(4) If the NWI Entities did waive venue by not contesting venue in their first motion to dismiss, does that waiver apply to the six patents Ford added in its second amended complaint?

(5) If the Court finds this venue improper to litigate the claims based on the six patents Ford added in its second amended complaint, does that warrant transfer or dismissal of the seven patents asserted in the first amended compliant?

(6) What law, Federal Circuit or Sixth Circuit, governs the question of whether this Court should dismiss or transfer for improper venue?

(7) Does *TC Heartland* apply to AutoLighthouse, which is an LLC and not a corporation? *See TC Heartland*, __ U.S. at __, 2017 WL 2216934, at *3 n.1 ("Because this case comes to us at the pleading stage and has been litigated on the understanding that petitioner is a corporation, we confine our analysis to the proper venue for corporations.").

The hearing on the motions for summary judgment in both cases is adjourned without date.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: May 26, 2017          U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2017.

s/Keisha Jackson
Case Manager